IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHIRLEY FRAZIER, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 3:19-CV-2703-B-BH |
| | ) | |
| HENRY WADE JUVENILE CENTER, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice.

## I. BACKGROUND

On November 13, 2019, Shirley Frazier (Plaintiff) filed this civil rights case on behalf of her three minor grandsons against the Henry Wade Juvenile Center, alleging that they were arrested and detained without being formally charged, and that they were coerced into entering guilty pleas. (*See* doc. 3.)[2] By order dated November 14, 2019, Plaintiff was advised:

> Because it does not appear that the plaintiff is licensed to practice law, she may not represent her minor grandchildren in this action without legal representation. She must retain legal counsel for this action to proceed on their behalf. To the extent that the plaintiff seeks to assert her own individual claims against the defendant, she may file an amended complaint that *only* asserts her personal claims. If counsel has not entered an appearance on behalf of the minor children, or if the plaintiff does not file an amended complaint asserting *only* her own claims within **TWENTY-ONE (21)** days from the date of this order, it will be recommended that the case be dismissed.

(*See* doc. 7.) Plaintiff did not file an amended complaint asserting claims on her own behalf, and well more than twenty-one days have passed, but no counsel has entered an appearance on behalf of the minor grandchildren.

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2] Plaintiff subsequently amended her complaint to name three individuals as defendants after being advised that the Henry Wade Juvenile Center was a non-jural entity that is not subject to suit. (*See* doc. 11.)

## II.  ANALYSIS

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C.A. § 1654.  Although Fed. R. Civ. P. 17(c) permits a parent or guardian to sue on behalf of an infant or incompetent person in certain circumstances, a guardian or parent may not file and prosecute an action on behalf of a minor child without legal representation for the child.  *See Chatman v. Miss. High School Athletics Ass'n*, 552 F. App'x 395, 337 (5th Cir. 2014) (per curiam); *see also Sprague v. Dept. of Family and Protective Serv.*, 547 F. App'x 507, 507-08 (5th Cir. 2013) (*per curiam*) (same but noting exception for cases where parent brings suit in an attempt to obtain social security benefits for the child); *Aduddle v. Body*, 277 F. App'x 459, 462 (5th Cir. 2008) (finding that grandfather could not represent the interests of his grandchild on a pro se basis, even if he was the legal guardian).  The Fifth Circuit has stated that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law".  *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

By order issued November 14, 2019, Plaintiff was advised that she was required to obtain legal counsel in order to proceed with this action on behalf of her minor grandsons, and that dismissal of this case would be recommended if no attorney had entered an appearance on their behalf within twenty-one days.  (*See* doc. 7.)  No attorney has entered an appearance, however.

## III.  CONCLUSION

Because Plaintiff may not prosecute this complaint on behalf of her minor grandsons without

legal counsel, the case should be dismissed without prejudice, unless licensed counsel makes an appearance on their behalf within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 23rd day of December, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3